IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

TRUSTMARK INSURANCE )
COMPANY, )
 )
    Plaintiff, )
 )
v. ) Case No. 04-2715-D
 )
MELVIN NEGELEIN, )
TENET HEALTHSYSTEM, )
TENET HEALTHCARE )
CORPORATION, )
and SAINT FRANCIS )
HOSPITAL, )
 )
    Defendants. )
 )

## ORDER GRANTING MOTION TO COMPEL ARBITRATION

Before the Court is the motion of Tenet Healthcare Corporation and St. Francis Hospital ("Defendants") to compel arbitration. The Court has jurisdiction pursuant to 28 U.S.C. § 1332. For the following reasons, the Court **GRANTS** the motion to compel.

**I.    BACKGROUND**

On or about April 1, 1998, Trustmark Insurance Company ("Plaintiff"), through its agent Private Healthcare Systems ("PHS"), and Defendants entered into a Preferred Facility Agreement ("PFA"). The PFA provided that Defendants would render medically necessary services to individuals covered by PHS. The PFA included a dispute resolution clause, which provides:

> Dispute Resolution. In the event of any problems or disputes that may arise under this Agreement, the parties to such problems or dispute will meet and seek resolution in good faith. Any controversy or claim arising out of or relating to this Agreement or the breach thereof, which is not so resolved, will be settled by binding arbitration in accordance with the National Health Lawyers Association Alternative Dispute

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 5-2-05

>Resolution Service Rules of Procedure for Arbitration, and judgment on the award
>by the arbitrator(s) may be entered in any court having jurisdiction thereof.

Resp. of Pl. in Opp. To Mot. Of Defs. To Compel Arbitration, Ex. A, § 7.1.

Plaintiff insured Defendant Melvin Negelein. In March 2001 through April 2001, Defendant St. Francis Hospital treated Defendant Negelein. Pursuant to the PFA, St. Francis contacted Plaintiff and notified it of Defendant Negelein's admission. PHS advised St. Francis that Defendant Negelein was a "covered individual" and that his medical care and treatment were authorized by Plaintiff.

Thereafter, Plaintiff discovered that Defendant Negelein had misrepresented his medical condition, failing to disclose a preexisting condition. Asserting that Defendant Negelein was not a covered individual, Plaintiff refused to pay for the medical treatment that St. Francis rendered to Negelein.

Pursuant to the contract between Plaintiff and St. Francis, on August 2, 2004, Defendant Tenet Health filed a Request for Dispute Resolver List with the American Health Lawyers Association, seeking arbitration. On September 7, 2004, Trustmark filed a Petition for Stay of Arbitration in the United States District Court of Maryland. Thereafter, on September 10, 2004, Trustmark initiated the instant action. In this Court, Plaintiff seeks a declaratory judgment that the policy issued to Defendant Negelein "excludes coverage for medical treatment for any and all preexisting intestinal and digestive tract disorders, specifically ulcer disorders and reflux." On September 15, 2004, Trustmark filed a Motion for Preliminary Injunction with the district court in Maryland, seeking to stay arbitration. Plaintiff further seeks a preliminary injunction from the Court, enjoining Defendants from arbitrating their claims against Plaintiff. On November 30, 2004, the Court entered an order of default judgment against Defendant Negelein, declaring that "no coverage

2

existed pursuant to the subject policy of health insurance issued by Trustmark Insurance Company" to Defendant Negelein.

## II.  ANALYSIS

Defendants assert that the Court should compel arbitration in this case. Plaintiff contends that the issues asserted by Defendants do not fall within the scope of the dispute resolution clause of the Agreement. More specifically, Plaintiff maintains that the issues raised by Defendants are not covered by the arbitration clause because Defendant Negelein is not a "covered individual" who received "covered care."

"Before compelling an unwilling party to arbitrate, [a] court must engage in a limited review to determine whether the dispute is arbitrable; meaning that a valid agreement to arbitrate exists between the parties and that the specific dispute falls within the substantive scope of that agreement." Bratt Enterprises, Inc. v. Noble Intern. Ltd., 338 F.3d 609, 612 (6th Cir. 2003) (quoting Javitch v. First Union Sec., Inc., 315 F.3d 619, 624 (6th Cir. 2003)). The duty to arbitrate derives from the parties' agreement, and a party cannot be required to submit to arbitration unless that party has agreed to do so. Id. (citation omitted). "[I]n applying general state-law principles of contract interpretation to the interpretation of an arbitration agreement . . . due regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself resolved in favor of arbitration." Id. at 613 (quoting Volt Info. Scis., Inc. v. Bd. of Trs. of the Leland Stanford Junior Univ., 489 U.S. 468, 475-76 (1989)).

The contract between St. Francis and Plaintiff provides that "[a]ny controversy or claim arising out of or relating to this Agreement or the breach thereof, which is not so resolved, will be settled by binding arbitration." The contract further provides that "[t]his Agreement is intended by

3

the parties to be and will be construed as a series of entirely separate contracts. . . relating to the provision of health care services to COVERED INDIVIDUALS. . . ." A "covered individual" is defined as "any individual and dependent covered by a contract" with Plaintiff.

Defendants seek to arbitrate whether Plaintiff is required to pay for the services that Defendant Negelein received. Defendants maintain that they detrimentally relied on Plaintiff's assurances that Defendant Negelein was a covered individual and that his treatment was authorized. Plaintiff disputes that Defendant Negelein is a covered individual pursuant to his policy. As such, Plaintiff asserts that because the Agreement only governs the conduct and obligations of the parties relative to payments for treatment of covered individuals it necessarily follows this claim does not arise out of or relate to the Agreement or any breach thereof.

The Court has determined by way of default judgment that Defendant Negelein is not a covered individual. The Court finds, however, that the issue of whether Defendants detrimentally relied on Plaintiff's pretreatment assurances that Defendant Negelein was a covered individual and eligible for treatment is an issue properly within the scope of the arbitration clause. Defendants' treatment of Defendant Negelein clearly arose from the Agreement between Plaintiff and Defendants, whereby Defendants agreed to provide services to those who Plaintiff insured. Moreover, Plaintiff's alleged assurance that Defendant was covered by his insurance policy for such treatments is an issue that arose from the Agreement between Plaintiff and Defendants. The Court finds therefore that the issues that Defendants seek to arbitrate arise out of or relate to the Agreement between Plaintiff and Defendants. Accordingly, the Court compels Plaintiff to arbitrate the matter.

### III.  CONCLUSION

For the aforementioned reasons, the Court **GRANTS** the motion of Defendants Tenet Health

4

Care Corporation and St. Francis Hospital to compel arbitration.

**IT IS SO ORDERED** this \_\_\_2nd\_\_\_ day of \_\_\_May\_\_\_, 2005.

*/s/ Bernice Bouie Donald*
BERNICE BOUIE DONALD
UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 38 in case 2:04-CV-02715 was distributed by fax, mail, or direct printing on May 2, 2005 to the parties listed.

---

William A. Lucchesi
MCDONALD KUHN
119 South Main St.
Ste. 400
Memphis, TN 38103

Malinda S. Siegel
SIEGEL & KROHN, P.C.
29 W. Susquehanna Ave.
Ste. 205
Towson, MD 21204

Worrick G. Robinson
ROBINSON REAGAN & YOUNG, PLLC
260 Cumberland Bend Dr.
Nashville, TN 37228

Lisa Ann Overall
MCDONALD KUHN
119 South Main St.
Ste. 400
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT